# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BALTER,<br>      Petitioner | : | No. 3:09cv504 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| RICARDO MARTINEZ, Warden,<br>      Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are petitioner's objections to the report and recommendation of Magistrate Judge Malachy E. Mannion, which proposes that the court dismiss the instant petition for a writ of habeas corpus without prejudice for failure to exhaust administrative remedies.

**Background**

On March 18, 2009, Richard Balter filed the instant petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241. Petitioner contends that the court that sentenced him failed to establish a specific schedule for payments due under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, during his incarceration. Petitioner contends that the Bureau of Prisons set up this schedule, and that the Bureau lacked authority to do so. As such, he seeks an order from the court barring the Bureau from enforcing this schedule of payments or instituting any sanctions against the petitioner for failing to comply with the payment schedule. The petitioner

filed a motion for leave to proceed in forma pauperis. (Doc. 4).

Magistrate Judge Mannion issued an order to show cause to the respondent and granted the petitioner's motion to proceed in forma pauperis on April 20, 2009. See Doc. 5). Respondent filed the required response on April 22, 2009. (Doc. 6). After the petitioner filed documents in support of his motion, Judge Mannion ordered petitioner to file a supplemental brief outlining the steps he had taken to exhaust his administrative remedies. (Doc. 12). After the petitioner filed this brief, the magistrate judge issued his report and recommendation, which proposed that this court dismiss the case without prejudice for failure to to exhaust administrative remedies. (Doc. 22). Petitioner then filed objections to this report and recommendation, bringing the case to its present posture.

**Jurisdiction**

Because petitioner filed his action pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When dealing with objections to a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). This court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The magistrate judge concluded that petitioner's claim should be dismissed without prejudice for failure to exhaust administrative remedies. Under federal law, "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1993). The exhaustion requirement exists for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62. This rule applies unless a petitioner can demonstrate that exhaustion "is futile." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, concurring). Futility can occur when administrative review will not meet any of the goals of the exhaustion doctrine. Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)

Petitioner does not deny that he failed to exhaust his administrative remedies, and argues in part that he is not required to do so under the law. As explained above, the exhaustion requirement, though not stated specifically in 28 U.S.C. §

3

2241, has traditionally been applied by the courts unless good cause to waive that requirement exists. Petitioner contends that any attempt to exhaust his administrative remedies would be futile, since his claim is that the sentencing court improperly delegated to the Bureau of Prisons responsibility for his payment schedule. Thus, appealing to the Bureau would not address his problems, which are with the court's sentence, not the Bureau's execution of it. Anticipating this argument, the respondent concedes that if the court concludes that an administrative remedy would not address the problems that petitioner has with his sentence, the appropriate remedy would be to transfer the case to the court where sentencing occurred.

To the extent that petitioner seeks to have this court continue jurisdiction over the matter, the court will overrule his objections. This case involves the Mandatory Victims Restitution Act (MVRA), which requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The Third Circuit Court of Appeals has concluded that "ordering restitution is a judicial function that cannot be delegated, in whole or in part." United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007). In Corley, the court concluded that the MVRA mandated that the sentencing judge consider a defendant's finances in ordering restitution. Id. at 226. If the sentencing court had knowledge that a defendant "could not make immediate payment in full, it was required under § 3664(2) to set a different schedule of

4

payments." Id. To do otherwise, the court found, would constitute an impermissible delegation of the court's responsibility. Id. The question in this case, then, is whether the district court left to the BOP to determine the amount and schedule of payments to be made by petitioner despite knowledge that petitioner could not make immediate full restitution. If the district court did so, the court did not follow the dictates of the MVRA. See Corley, 500 F.3d at 227 (finding that when a court orders "immediate" payment of restitution with knowledge that the defendant cannot make full restitution, such orders "are indistinguishable in principle from outright delegations of authority to the Bureau of Prisons.").

The question of whether the sentencing court properly delegated the conditions of restitution to the Bureau of Prisions is, in light of recent Circuit Court precedent, one best addressed by the court that did the sentencing, and the information required for that determination could not efficiently be addressed through the Bureau's administrative process. The court concludes that the most efficient procedure in this case would be to transfer the matter to the District of New Jersey, where the petitioner received his sentence. The United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts have found that the interests of convenience and efficiency can mandate transfer of a *habeas corpus* case from the state of incarceration to the state of conviction. See, e.g., Verissimo v. INS, 204 F.

5

Supp. 2d 818, 820 (D. N.J. 2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); <u>Wilkins v. Erickson</u>, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of *habeas corpus* case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records."). In determining the appropriate venue for a *habeas*, courts consider "traditional venue considerations," such as the location where material events took place, where records and witnesses are located and the convenience of the parties involved. <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 493-94 (1973). As such, the court will order such transfer.

**Conclusion**

For the reasons stated above, the court will overrule the petitioner's objections to the report and recommendation. The court will not, however, adopt the report and recommendation, which proposes dismissing the action without prejudice. Instead, the court will order the case transferred to the United States District Court for New Jersey, which is best equipped to handle the questions raised in this matter. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BALTER, | : | No. 3:09cv504 |
|     Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| RICARDO MARTINEZ, Warden, | : | |
|     Respondent | : | |

## ORDER

**AND NOW**, to wit, this 20th day of July 2010, the petitioner's objections (Doc. 23) to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 22) are hereby **OVERRULED**. The report and recommendation is not adopted, and the Clerk of Court is directed to **TRANSFER** the case to the United States District court for the District of New Jersey.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **UNITED STATES DISTRICT COURT**